IN RE: AMENDMENTS TO THE RULES OF THE
ARKANSAS SUPREME COURT AND COURT OF
APPEALS

791 S.W.2d 696
Supreme Court of Arkansas
Delivered June 25, 1990

PER CURIAM. By per curiam order of May 15, 1989, we began our experiment with the system of presenting cases on

appeal by briefs accompanied by appendices as opposed to abstracts. The temporary rules authorizing an appendix, rather than an abstract, to accompany an appellate brief appeared in that order, and they now appear in the publishers' notes to the Court Rules volume accompanying the Arkansas Code Annotated of 1987. By per curiam order of October 2, 1989, we extended the trial period until July 15, 1990. We are not entirely satisfied with the appendix system; however, in the hope that it may yet become satisfactory, we wish to give ourselves one more opportunity to evaluate it after explaining the problems we have encountered. We now extend the trial period until March 1, 1991.

In our order of May 15, 1989, we declared two of the purposes of the change to be "to decrease the cost of appellate litigation, [and] increase the ease and accuracy of the evaluation of cases at the appellate level." We suspect that the first of these may have been accomplished in the cases which have been submitted to us using an appendix; the second has not.

Due to its heavy case load, this court is struggling to maintain its practice of submitting and deciding all cases ready for submission each term and accumulating no backlog. The court of appeals is striving to reduce its backlog. We have found cases submitted with appendices generally more difficult and time consuming than those submitted with abstracts.

One problem is that in many instances we have not been provided with a table of contents of the appendix. As provided in our temporary Rule 9.(b)(1), the brief should contain a table of contents which lists the contents of the appendix unless the appendix is bound separately. In the latter case, a table of contents should be included with the appendix.

Another, and far more serious, problem is a misunderstanding of the importance of the statement of the case under the new system. Those preparing appendices often seem to be under the impression that it is solely the appendix which takes the place of the abstract. That is not so. The appendix is only a reference tool. The court should be able to learn everything it should know about the case from the statement of the case found in the brief. As provided in our temporary Rule 9.(b)(1), the statement of the case should contain references to the appendix and to the designated record, much as an abstract prepared in accordance with our regular Rule 9(d) does. For example, a statement of the

case might include something like the following:

> John Doe testified that he saw Mary Roe on 12th Street at 3:00 p.m. on Friday, May 22, 1990, and heard her say she had just come to town. (A. 42, R. 315) Counsel for Mary Roe objected on the ground that Doe's testimony was hearsay, and the objection was overruled. (A. 43, R. 322)

It is not necessary to include in an appendix all of the record. As temporary Rule 9.(d) states, the appendix is to consist "of those portions of the designated record . . . the appellant deems dispositive of or directly relevant to the issue or issues on appeal." When the appendix system is used, the statement of the case, with respect to which there is no page limit, should be so complete as to answer any question a reviewing judge might have about what happened at the trial. As a member of the court reads the statement of the case, he or she should be able to refer to the appendix to ascertain the crucial facts in greater depth or to check the accuracy of the statement of the case. We have not included a requirement that there be a reference for every two pages of testimony as appears in our regular Rule 9(d) which governs preparation of abstracts. Some testimony or other descriptions of occurrences at trial discussed in the statement of the case may not require substantiation in the appendix. The lawyer or other person preparing an appendix and a statement of the case should exercise discretion in determining those portions of the statement of the case which should be supported in the appendix beyond the items absolutely required in temporary Rule 9.(d)(i) through (ix).

We recognize that some of the problems we have had with the new system are the sort that inevitably result from any change and the fact that it takes time to get used to it. We wish to give it every chance of success, and thus we are willing to extend the trial period during which an appellant may choose to submit the case with an appendix rather than an abstract. We continue to hope that the appendix method can make our task of review easier rather than more difficult. If that does not occur, we will end the experiment and return to requiring abstracts in all cases.